**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **JASON J. RADDENBACH,** *an Individual & Citizen of the State of South Carolina*,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**eTAILZ, INC.**, *a Business Entity Incorporated & Existing under the laws of the State of Washington*,  )<br>)<br>)<br>)<br>Defendant.  ) | C.A. No. 6:18-cv-_____<br><br><br><br><br>**COMPLAINT**<br><br><br><br><br><br>**Trial by Jury Demanded** |

**COMES NOW** Jason J. Raddenbach, Plaintiff, by and through his undersigned counsel, and complaining of eTailz, Inc., Defendant, would respectfully show unto this Honorable Court as follows:

**INTRODUCTION**

1.     This is a simple case of trademark infringement.  Plaintiff is the owner of the federally registered trademark for "Smoke Pencil."  Smoke Pencil® ("**the Mark**") is the brand name for a tool commonly utilized for air leak and draft detection.  Several years ago, Defendant began using the name "Smoke Pencil" to advertise and sell its products, which compete with Plaintiff's, to the public, all without Plaintiff's permission.  This action is intended to compensate Plaintiff for Defendant's unauthorized use of the Mark.

**PARTIES, JURISDICTION & VENUE**

2.     Plaintiff is a natural person who is a citizen and resident of Greenville County, South Carolina.

3.     Greenville County, South Carolina is located within the territorial jurisdiction of the United States District Court for the District of South Carolina, Greenville Division.

4.     Plaintiff is the owner of the federally registered trademark for "Smoke Pencil."

5.     Plaintiff initially filed his application to register the Mark with the United States Patent & Trademark Office ("**the USPTO**") on April 20, 2011.

6.     Plaintiff began using the Mark in commerce as early as April 1, 2011, and has used the Mark in commerce continually and without interruption since.

7.     The USPTO registered the Mark on October 11, 2011.  At that time, the Mark was placed on the Supplemental Register, and bore Registration No. 4039986.

8.     On February 10, 2017, Plaintiff filed an application with the USPTO to place the Mark upon the Principal Register, alleging that the Mark had acquired distinctiveness over time since initial registration.  On September 26, 2017, the USPTO approved Plaintiff's application, and the Mark was registered on the Principal Register.

9.     Plaintiff is, and at all times relevant to this Complaint, has been, the owner of the Mark.

10.    Defendant is a business entity incorporated and existing under the laws of the State of Washington.  Among other things, Defendant has marketed and sold a product that is competitive to Plaintiff's "Smoke Pencil" product through channels of interstate commerce, using the Mark to advertise its competitive product.

11.    This Court is vested with exclusive subject matter jurisdiction with regard to this controversy by virtue of Title 28, United States Code § 1338, and the Lanham Act, specifically, Title 15, United States Code § 1121.

12.    This Court possesses personal jurisdiction over Defendant, by virtue of Defendant's general and specific business activities.

13.    Venue is proper in this Court by virtue of Title 28, United States Code § 1391.

**FACTUAL ALLEGATIONS**

14.     During 2011, Plaintiff began marketing and selling a tool used in the detection of air leaks and drafts under the name "Smoke Pencil."

15.     In that connection, Plaintiff filed for, and acquired, a federally registered trademark for the name "Smoke Pencil," all as previously alleged herein.

16.     Plaintiff sells his Smoke Pencil® product throughout the United States, primarily through Internet-based sales and marketing channels.

17.     During July 2018, Plaintiff learned that Defendant was actively marketing and selling a tool that was competitive with the Smoke Pencil® product, also through Internet-based sales and marketing channels. Defendant's product was advertised explicitly as Smoke Pencil® brand products. A true and accurate copy of an example of Defendant's infringing conduct is attached hereto as **Attachment A**, which is a screenshot of Plaintiff's Smoke Pencil® product accompanied by a description of the product using the phrase "Smoke Pencil," and all in which the seller is identified as Defendant.

18.     Plaintiff has not now, nor has ever, granted Defendant a license or permission to use the Smoke Pencil® name.

19.     Curious, Plaintiff ordered an infringing "Smoke Pencil" product from Defendant.

20.     When Defendant's product arrived, the product was labeled as "Dragon Puffer." However, the packaging in which the product was enclosed described its contents using the name "Smoke Pencil." A true and accurate copy of such packaging as it was delivered to Plaintiff is attached hereto as **Attachment B**.

21. Upon further investigation, Plaintiff learned that Defendant had been selling its competitive product through Internet-based channels of interstate commerce for at least two (2) years, if not longer.

22. During July 2018, Plaintiff began attempting to contact representatives of Defendant to request that Defendant immediately cease and desist from using the Mark to advertise and sell its competitive products. Plaintiff was not successful in conversing with any of Defendant's representatives about this matter until August 2018.

23. Initially, Defendant refused Plaintiff's request, offering only to raise the price of its product so that, ostensibly, it would not longer be competitive with Plaintiff's.

24. Plaintiff was not satisfied. Again, Plaintiff demanded that Defendant stop using Plaintiff's property without his permission in competition against his own sales interests.

25. Plaintiff is informed and believes that Defendant has, as of the date on which this Complaint is filed, voluntarily discontinued using the Mark.

26. However, Plaintiff does not know how long Defendant's infringing use persisted, and how much profit Defendant realized over that time from the improper use and misappropriation of Plaintiff's product identity, as protected through the federally registered Mark.

### FOR A FIRST CAUSE OF ACTION
### (Trademark Infringement—15 U.S.C. § 1114)

27. Plaintiff incorporates the foregoing allegations of the Complaint into this cause of action, to the extent such allegations are not inconsistent with those that follow.

28. The Mark is valid and protectable under federal trademark law.

29. The Mark is registered to Plaintiff, and Plaintiff is the Mark's owner.

30. Plaintiff has the exclusive right to use the Mark.

31. Defendant has used the Mark.

32. Defendant's use of the Mark was, and has been, identical to the Mark itself.

33. Defendant used the Mark to market and sell a product that is competitive to the product which Plaintiff used the Mark to market and sell.

34. Defendant's use of the Mark was accomplished through means and channels of interstate commerce.

35. The means and channels through which Defendant advertised and sold its products using the Mark were substantially similar to the means and channels through which Plaintiff sold its products.

36. Defendant's use of the Mark was without Plaintiff's authorization, consent, or permission.

37. Defendant's unauthorized use of the Mark was intentional.

38. Defendant knew, or should have known, when using the Mark that it was Plaintiff's intellectual property, and that the Mark was federally registered to Plaintiff.

39. Defendant intended its unauthorized use of the Mark to cause confusion or mistake among members of the relevant purchasing public, or to deceive them.

40. Defendant's use of the Mark presented a substantial likelihood of confusion among the relevant purchasing public, and in fact, is believed by Plaintiff to have resulted in actual confusion by members of the public who purchased Defendant's competing product.

41. Defendant's use of the Mark has caused Plaintiff actual damages, including but not limited to lost sales and diminution of the reputation and goodwill of Plaintiff's brand.

**FOR A SECOND CAUSE OF ACTION**
**(False Designation & Representation—15 U.S.C. § 1125(a))**

42. Plaintiff incorporates the foregoing allegations of the Complaint into this cause of action, to the extent such allegations are not inconsistent with those that follow.

43. The Mark is valid and protectable under federal trademark law.

44. The Mark is registered to Plaintiff, and Plaintiff is the Mark's owner.

45. Plaintiff has the exclusive right to use the Mark.

46. Defendant has used the Mark.

47. Defendant's use of the Mark was, and has been, identical to the Mark itself.

48. Defendant used the Mark to market and sell a product that is competitive to the product which Plaintiff used the Mark to market and sell.

49. Defendant's use of the Mark was accomplished through means and channels of interstate commerce.

50. The means and channels through which Defendant advertised and sold its products using the Mark were substantially similar to the means and channels through which Plaintiff sold its products.

51. Defendant's use of the Mark was without Plaintiff's authorization, consent, or permission.

52. Defendant's use of the Mark was likely to cause confusion or mistake among members of the relevant purchasing public, or to deceive them about the association of Defendant with Smoke Pencil®.

53. Defendant's use of the Mark not only presented a substantial likelihood of confusion among members of the relevant purchasing public, it is, in fact, believed by Plaintiff to have resulted in actual confusion by members of the public who purchased Defendant's competing product.

54. Defendant's use of the Mark has caused Plaintiff actual damages, including but not limited to lost sales and diminution of the reputation and goodwill of Plaintiff's brand.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully stated its claim against Defendant, at least as such claim is presently known, Plaintiff respectfully requests an Order and Judgment of the Court which holds that:

(a) Defendant engaged in wrongful misappropriation, through infringement and otherwise, of Plaintiff's federally registered trademark;

(b) Plaintiff is entitled to recover from Defendant all damages which are necessary and appropriate to compensate Plaintiff for Defendant's infringement, to include all manner of damages be they actual, direct, incidental, and/or consequential;

(c) Plaintiff is entitled, as part of its damages, to an award of the profits that Defendant realized from its wrongful conduct;

(d) Plaintiff is entitled, as part of its damages, to an award of the costs incurred in defense of its intellectual property;

(e) Plaintiff is entitled, as part of its damages, to recover its attorneys' fees;

(f) Plaintiff is entitled, as part of its damages, to recover an amount that is three times the amount of damages established;

(g) Statutory damages are warranted; and,

(h) Temporary and permanent injunctive relief is appropriate.

Plaintiff would respectfully request an Order and Judgment which provides for the foregoing forms of relief, as well as for such other or further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Steven Edward Buckingham*

_____
Steven Edward Buckingham, Esq. (D.S.C. No. 10118)
The Law Office of Steven Edward Buckingham, LLC
16 Wellington Avenue
Greenville, SC 29609
(o) 864.735.0832
(e) seb@buckingham.legal

September 4
_____, 2018
Greenville, South Carolina

### DEMAND FOR TRIAL BY JURY

I, the undersigned counsel for Defendant, respectfully request a trial by jury as to each and every issue so triable.

*s/ Steven Edward Buckingham*
_____
Steven Edward Buckingham, Esq.