IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jason J. Raddenbach,<br><br>                    Plaintiff,<br>v.<br><br>eTailz, Inc.,<br><br>                    Defendant. | Civil Action No. 6:18-CV-02429<br><br>**ANSWER** |

Defendant, eTailz, Inc., respectfully answers the Complaint of Jason J. Raddenbach ("Plaintiff") in paragraphs that correspond to those set forth in Plaintiff's Complaint. Defendant reserves the right to assert other affirmative and/or additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1.     Defendant admits that the Complaint asserts a cause of action for trademark infringement. Defendant either affirmatively denies or lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

2.     Upon information and belief, admitted.

3.     The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

4.     Upon information and belief, Plaintiff is the owner of record of U.S. Trademark Registration No. 4039986.

5.     Upon information and belief, admitted.

6.     Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

1889602v1

7.    Upon information and belief, admitted.

8.    Denied.

9.    Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

10.   Defendant admits that it is organized and existing under the laws of the State of Washington. Defendant denies that it has used the Mark (as defined in the Complaint) to advertise its competitive product.

11.   The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

12.   The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

13.   The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

14.   Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

15.   Upon information and belief, Plaintiff is the owner of record of U.S. Trademark Registration No. 4039986.

16.   Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

17.   Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same. Defendant further responds that Attachment A speaks for itself. Therefore, Defendant craves reference to Attachment A (without

admission to its authenticity and/or accuracy) and denies any allegations inconsistent with Attachment A.

18. Upon information and belief, Plaintiff has never affirmatively granted Defendant a license or permission to use the Smoke Pencil name.

19. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

20. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same. Defendant further responds that Attachment B speaks for itself. Therefore, Defendant craves reference to Attachment B (without admission to its authenticity and/or accuracy) and denies any allegations inconsistent with Attachment B.

21. Denied.

22. Upon information and belief, admitted.

23. Denied.

24. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

25. Admitted.

26. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

## Plaintiff's First Cause Of Action

27. To the extent not inconsistent with the below paragraphs, Defendant incorporates the above allegations and denials as if fully set forth herein.

28. The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

29. The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

30. The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

31. Defendant admits that the phrase "Smoke Pencil" accidentally appeared on the packaging of Defendant's DRAGON PUFFER branded goods as the result of the actions of a third party and that such appearance occurred unbeknownst to Defendant. Defendant further alleges that once information regarding this appearance of "Smoke Pencil" was brought to Defendant's attention, corrective action was promptly taken.

32. Denied.

33. Denied.

34. Defendant admits that its goods were sold and continue to be sold in interstate commerce. Defendant denies the remainder of the allegations contained in this paragraph.

35. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

36. Upon information and belief, Plaintiff has never affirmatively granted Defendant a license or permission to use the Smoke Pencil name. Defendant denies the remainder of the allegations contained in this paragraph.

37. Denied.

38. Denied.

39. Denied.

40. Defendant either affirmatively denies or lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

41. Denied.

**Plaintiff's Second Cause Of Action**

42. To the extent not inconsistent with the below paragraphs, Defendant incorporates the above allegations and denials as if fully set forth herein.

43. The allegations contained in this paragraph are legal in nature such that they do not require a response. To the extent a response is necessary; denied.

44. The allegations contained in this paragraph are legal in nature such that they do not require a response.

45. Denied.

46. Defendant admits that the phrase "Smoke Pencil" accidentally appeared on the packaging of Defendant's DRAGON PUFFER branded goods as the result of the actions of a third party and that such appearance occurred unbeknownst to Defendant. Defendant further alleges that once information regarding this appearance of "Smoke Pencil" was brought to Defendant's attention, corrective action was promptly taken.

47. Denied.

48. Denied.

49. Defendant admits that its goods were sold and continue to be sold in interstate commerce. Defendant denies the remainder of the allegations contained in this paragraph.

50. Defendant lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

51. Upon information and belief, Plaintiff has never affirmatively granted Defendant a license or permission to use the Smoke Pencil name. Defendant denies the remainder of the allegations contained in this paragraph.

52. Denied.

53. Defendant either affirmatively denies or lacks sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, denies the same.

54. Denied.

### For A First Affirmative Defense
### Failure To State A Claim

1. To the extent not inconsistent with the below allegations, Defendant incorporates the above allegations and denials as if repeated fully herein.

2. One or more of Plaintiff's claims fail to state facts sufficient to constitute a claim against Defendant for which relief may be awarded and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. Without limitation, Plaintiff alleges infringement of a mark registered on the Supplemental Register, without alleging that the mark had acquired a secondary meaning or distinctiveness at the time of the alleged infringement.

4. Without limitation, Plaintiff alleges infringement of a mark without alleging that the parties' goods are being sold in the same geographic areas such that Plaintiff's trademark rights, if any, may be enforced against Defendant.

### For A Second Affirmative Defense
### Limitation Of Damages

5. To the extent not inconsistent with the below allegations, Defendant incorporates the above allegations and denials as if repeated fully herein.

6.     Plaintiff seeks "statutory damages," which are not available for violations of 15 U.S.C. § 1114 and/or 1125(a).

**WHEREFORE**, having fully answered to the Complaint of Jason J. Raddenbach, eTailz, Inc. prays that this Court dismiss Plaintiff's Complaint with prejudice, and that the Court enter judgment in favor of the Defendant and enter an award of all costs, including reasonable attorneys' fees to the Defendant.

Respectfully submitted,

/s/Hunter S. Freeman
Hunter S. Freeman, Federal I.D. No. 9313
McNair Law Firm, PA
Post Office Box 447
Greenville, SC  29602
Tel. (864) 271-4940
Fax  (864) 271-4015
hfreeman@mcnair.net

Attorneys for Defendant

Greenville, SC
November 20, 2018